UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TIMOTHY LEAR, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | CAUSE NO. 3:17CV149-PPS |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Timothy Lear, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-09-164) where a Disciplinary Hearing Officer (DHO) found him guilty of using a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202. ECF 1 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Lear argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-202 by, "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Indiana State law prohibits possession of any synthetic drug. Ind. Code § 35-48-4-11.5. The Conduct Report charged Lear as follows: "On 9/1/16, at approximately 12:40pm, while in medical, Offender Lear admitted to Officer Parnell and nursing staff that he had just smoked K2 (Synthetic marijuana)." ECF 8-1. Lear's medical records note that Lear was excessively drowsy, "slumping in [his] chair, being held up by custody and this writer [Nurse Luther]." ECF 8-6 at 3. Nurse Luther also noted in the medical records that, "Patient admits that he smoked K2 x 1 hour ago and that is all he has taken." *Id.* The DHO subsequently reached out to Officer Parnell, who confirmed that Lear admitted to having smoked synthetic marijuana. ECF 8-5.

2

The DHO had sufficient evidence to find Lear guilty of violating IDOC B-202. The DHO had two first-hand accounts that Lear admitted to having smoked synthetic marijuana. Furthermore, it would have been reasonable for the DHO to have been persuaded of Lear's guilt based on his physical state in the health care unit. The DHO's ultimate finding of guilt was not unreasonable or arbitrary in light of the two eyewitness accounts and Lear's medical records, and thus Lear is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Lear argues that he should not have been found guilty because two other witnesses, Sergeant Ryne Robinson and Nurse Morganne Bush, stated that Lear had not told them that he had smoked synthetic marijuana. It was the exclusive province of the DHO to weigh the credibility of the evidence, *McPherson*, 188 F.3d at 786, and it would not have been unreasonable for the DHO to afford this evidence little weight. Evidence that Lear did not reiterate an admission he made to other witnesses does little to refute the evidence against him.

Lear also argues that he was improperly denied access to his drug screen test results. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). However, prisoners do not have a due process right to the creation of evidence. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.; see also Freitas v.*

*Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances). The DHO reported in the Report of Disciplinary Hearing that there was "no drug test or admission of guilt done" and "no drug test, or admission of guilt available." ECF 8-8. The DHO could not review evidence that did not exist. Thus, Lear has not identified a basis for habeas corpus relief.

For these reasons, the petition (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: September 4, 2017.        /s/ Philip P. Simon
                                   Judge
                                   United States District Court